UNITED STATES DISTRICT COURT FOR THE
WETSERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – GRAND RAPIDS

DIRECTV, Inc., a California corporation,

Plaintiff,

v

KYLE D. BELEW, individually, and as
officer, director, shareholder and/or
principal of BELEW ENTERTAINMENT
CO., INC. d/b/a WOUNDED MINNOW
SALOON, and BELEW
ENTERTAINMENT CO., INC. d/b/a
WOUNDED MINNOW SALOON,

Defendants.

Civil Action No. 1:09-cv-1158

Hon. Gordon J. Quist

| Wayne D. Lonstein | William C. Reens (P28225) |
|---|---|
| Lonstein Law Office, PC | Pawlowski & Reens, PLC |
| Attorney for Plaintiff | Attorneys for Defendants |
| P.O. Box 351 | 300 Ottawa NW, Suite 650 |
| Ellenville, NY 12428 | Grand Rapids, MI 49503 |
| (845) 647-8500 | (616) 458-7800 |

## ANSWER AND AFFIRMATIVE DEFENSES

As their Answer to the Plaintiff's Complaint, Defendants, Kyle Belew of
Belew Entertainment Co., Inc. d/b/a Wounded Minnow Saloon and Belew
Entertainment Co., Inc. d/b/a Wounded Minnow Saloon, by their attorneys,
Pawlowski & Reens, PLC, state as follows:

### PLAINTIFF'S ORIGINAL COMPLAINT

1.     Because this paragraph contains no factual allegations, no
response from the Defendants is required.

## I. **JURISDICTION**

2.     The Defendants do not contest this Court's jurisdiction in this matter.

3.     While the Defendants do not contest this Court's jurisdiction in this matter, the Defendants do deny that they have engaged in any activities in violation of federal laws and the proprietary rights of DIRECTV, Inc.

## II. **VENUE**

4.     While the Defendants do not contest this Court's venue in this matter, they deny that the Defendants were engaged in any events or omissions giving rise to this claim

## III. **PARTIES**

5.     These allegations are admitted on information and belief.

6.     While it is admitted that Defendant, Kyle D. Belew, is the owner of Defendant Belew Entertainment Co., Inc. d/b/a Wounded Minnow Saloon, it is denied that Kyle D. Belew resides at 234 South Front Street, Dowagiac, Michigan 49047 because claim is untrue.  In fact, the Wounded Minnow Saloon occupies both parcels commonly known as 234 and 236 South Front Street, Dowagiac, Michigan  49047.

7.     As noted in the prior paragraph, the Wounded Minnow Saloon in fact occupies the premises commonly known as 234 and 236 South Front Street, Dowagiac, Michigan  49047.

8.     These allegations are admitted.

## IV. FACTS

9.      The Defendants incorporate by reference paragraph 1 through 8 above.

10.      These allegations are neither admitted nor denied for lack of information or belief.

11.      These allegations are neither admitted nor denied for lack of information or belief.

12.      These allegations are denied because they are untrue.

13.      These allegations are denied because they are untrue.

14.      These allegations are denied because they are untrue.

15.      These allegations are denied because they are untrue.

## V. CAUSES OF ACTION
### Count I – Damages for Violations of Cable Communications Policy Act
### [47 U.S.C. §605(2)(3)(C)]

16.      The Defendants incorporate by reference paragraphs 1 through 15 above.

17.      These allegations are denied because they are untrue.

18.      These allegations are denied because they are untrue.

19.      These allegations are denied because they are untrue.

20.      These allegations are denied because they are untrue.

21.      These allegations are denied because they are untrue.

22.      These allegations are denied because they are untrue.

23.      These allegations are denied because they are untrue.

## Count 2 – Damages for Violations of 18 U.S.C. 82511

24.  The Defendants incorporate by reference paragraphs 1 through 23 above.

25.  These allegations are denied because they are untrue.

26.  These allegations are denied because they are untrue.

27.  These allegations are denied because they are untrue.

## Count 3 – Civil Conversion

28.  The Defendants incorporate by reference paragraph 1 through 27 above.

29.  These allegations are denied because they are untrue.

30.  These allegations are denied because they are untrue.

31.  These allegations are denied because they are untrue.

## VI.  REQUEST FOR INJUNCTIVE RELIEF

32.  The Defendants incorporate by reference paragraphs 1 through 31 above.

33.  These allegations are denied because they are untrue.

34.  These allegations are denied because they are untrue.

35.  These allegations are denied because they are untrue.

36.  These allegations are denied because they are untrue.

## VII.  PRAYER

WHEREFORE, the Defendants request that this Honorable Court enter a Judgment in their favor and against the Plaintiff for no cause for action.

### AFFIRMATIVE DEFENSES

Please take notice that the Defendants may rely on the following Affirmative Defenses at the trial of this captioned matter:

A.     Defendant, Kyle Belew, does not reside at any address on South State Street in Dowagiac, Michigan;

B.     Defendant, Kyle Belew, has never had any DIRECTV service and has never had any DIRECTV equipment at his personal residence;

C.     The Wounded Minnow Saloon is a bar/restaurant located at 234 and 236 South State Street, Dowagiac, Michigan and the Defendants acknowledge that it is a commercial establishment open to the retail public. The DIRECTV service and equipment installed at the Wounded Minnow Saloon was installed by individuals driving a service van with the DIRECTV name and logo painted on it and wore uniforms identifying themselves as DIRECTV employees or representatives. Any person making the service and equipment installation at the Wounded Minnow Saloon must have known it was a commercial establishment and, further, DIRECTV employees or representatives' visited the Wounded Minnow Saloon not less than three times to upgrade the DIRECTV service and on each such occasion they must have known the Wounded Minnow Saloon is a commercial establishment and not a personal residence;

D.     The fact that the Plaintiff knowingly installed the DIRECTV service and equipment in the commercial establishment known as the Wounded Minnow Saloon constitutes a waiver by the Plaintiff of making any claim under any of the statutes cited in the Plaintiff's Complaint; and

E.    The factual allegations and legal conclusions stated in the Plaintiff's Complaint are completely without merit and may entitle the Defendants to the imposition of Rule 11 sanctions against the Plaintiff.


Dated: January 27, 2010          _____/s/_____
                                 William C. Reens (P28225)
                                 Attorney for Defendants